

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-30-2007

# Royal Ins Co of Amer v. KTA Tator Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2416

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Royal Ins Co of Amer v. KTA Tator Inc" (2007). *2007 Decisions.* Paper 1059.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1059

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No.  05-2416

ROYAL INSURANCE COMPANY
OF AMERICA, INC.,
Appellant

v.

KTA-TATOR, INC.;
GREENWICH INSURANCE COMPANY

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 03-cv-00607)
District Judge: Honorable Jose L. Linares

Argued March 5, 2007

Before: SLOVITER and AMBRO, Circuit Judges
BRODY,* District Judge

(Opinion filed May 30, 2007)

Allison L. Corboy, Esquire
Koch & Corboy
1930 East Marlton Pike
Executive Quarters, Building Q
Cherry Hill, NJ   08003

---

*Honorable Anita B. Brody, United States District Judge for the Eastern District of
Pennsylvania, sitting by designation.

Wendy H. Koch, Esquire (Argued)
Koch & DeMarco
101 Greenwood Avenue
Suite 460, Jenkintown Plaza
Jenkintown, PA   19046

     Counsel for Appellant

George C. Jones, Esquire (Argued)
Graham & Curtin
Four Headquarters Plaza
P.O. Box 1991
Morristown, NJ  07962

     Counsel for Appellee
     KTA-Tator, Inc.

Anthony G. Flynn, Esquire (Argued)
Jennifer M Kinkus, Esquire
Young, Conaway, Stargatt & Taylor
1000 West Street, P.O. Box 391
17th Floor, Brandywine Building
Wilmington, DE   19899-0391

     Counsel for Appellee
     Greenwich Insurance Company

---

OPINION

---

AMBRO, Circuit Judge

In response to notice of an insurance claim made by KTA-Tator Inc. ("KTA"),

Royal Insurance Co. ("Royal") filed a declaratory judgment action in the United States

District Court for the District of New Jersey against KTA and Greenwich Insurance Co.

("Greenwich") disclaiming Royal's duty to defend and indemnify KTA.  Both Royal and

Greenwich moved for summary judgment, and the District Court granted Greenwich's motion without prejudice. Royal now appeals to us. Because the District Court's order is not final, we do not have appellate jurisdiction and thus grant Greenwich's motion to dismiss.

## I.

We present only the relevant facts. KTA is a consulting and engineering firm that provides, *inter alia*, environmental, health, and safety services for the construction industry. It has three insurance policies: two provided by Royal, and one by Greenwich. Royal's coverage includes both a commercial general liability policy that specifically excludes coverage for professional services, and an umbrella policy to cover excess liability. Greenwich, on the other hand, provides a policy that covers only professional services.

This litigation stems from KTA's contract with the Port Authority of New York and New Jersey to provide construction management and inspection services for a project to renovate and maintain the George Washington Bridge between New Jersey and New York City. KTA's duties on this project included contract reporting, monitoring of project schedules, quality of construction, maintenance and protection of traffic, and compliance with health and safety requirements. It was not responsible, however, for ensuring general workplace safety.

In August 2001, Jefferson Campos—an employee with George Campbell Painting

3

Corporation, a contractor also working on the Bridge project—was struck and killed by a Campbell driver who was closing off a traffic lane. Campos's estate brought a wrongful death suit in the New York state court against KTA and four other parties. The complaint alleged that KTA was negligent with respect to its "management, operation, maintenance, supervision, inspection, control and repair" of the Bridge, and that this negligence led to Campos's death.

Upon notification of the underlying action, Royal filed the declaratory judgment action against KTA and Greenwich in District Court requesting a ruling that it had neither a duty to indemnify nor a duty to defend KTA. Greenwich counter-claimed against Royal and cross-claimed against KTA. Royal and Greenwich moved for summary judgment on their competing declaratory judgment claims. The District Court denied Royal's motion but granted summary judgment in favor of Greenwich, concluding that Royal's action alleged nothing more than supervisory negligence and thus did not implicate KTA's professional services policy issued by Greenwich. The upshot: Greenwich had neither a duty to indemnify nor a duty to defend KTA against the underlying litigation, but Royal did.

Fine so far. But the Court granted Greenwich's motion "without prejudice," noting that "the New York litigation has not been sufficiently fleshed out to determine conclusively that [Campos's estate] has not alleged . . . that KTA failed to provide certain professional services under [its] consulting contract." Indeed, Royal and KTA could pursue Greenwich for indemnification should factual findings in the underlying litigation

4

implicate its professional services contract.

Royal timely appealed the District Court's order. Greenwich moved to dismiss for lack of appellate jurisdiction. We need go no further.[1]

II.

With minor exceptions, our review is limited to final orders. 28 U.S.C. § 1291. This finality requirement is intended to prevent the inefficiency of piecemeal appeals. *Cf. We, Inc. v. City of Philadelphia*, 174 F.3d 322, 324–25 (3d Cir. 1999) (noting "the longstanding congressional policy against piecemeal appeals that underlies the final judgment rule"). A judgment is not final unless "there has been a decision by the district court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521 (1988) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). An otherwise non-appealable order is final only if "there are no longer any claims left to be resolved by the district court." *Aluminum Co. of Am. v. Beazer East, Inc.*, 124 F.3d 551, 557 (3d Cir. 1997).

Here, the District Court's order failed to end the claims presented. By granting Greenwich's summary judgment motion without prejudice, and expressly inviting Royal and KTA to return in the event of "changed circumstances," the Court did not end the matter. *See Borelli v. City of Reading*, 532 F.2d 950, 951–52 (3d Cir. 1976) (*per curiam*)

---

[1] The District Court had jurisdiction in this case pursuant to 28 U.S.C. § 1332. Declaratory relief was requested under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

(holding that an order dismissing a complaint without prejudice ordinarily is neither final nor appealable); *Fed. Home Loan Mortgage Corp. v. Scottsdale Ins. Co.*, 316 F.3d 431, 438–40 (3d Cir. 2003) (noting that appellate courts generally lack jurisdiction over partial adjudications when claims have been dismissed without prejudice).

Royal contends that this case should be controlled by *Beazer East*, which deemed an otherwise non-appealable order final because it involved a consent judgment that did "all that the parties asked the court to accomplish" and precluded further proceedings in the District Court by requiring all remaining issues to be decided by binding arbitration. 124 F.3d at 560–61. Unlike *Beazer East*, the order here did not accomplish what Greenwich requested—namely, precluding Royal and KTA from seeking indemnification for the underlying litigation—and also expressly contemplated that additional proceedings could be brought. Therefore, the District Court's order was not final under 28 U.S.C. § 1291, and we lack appellate jurisdiction.

The District Court no doubt intended to assist the parties by granting Greenwich's summary judgment motion without prejudice. But by issuing an order that would permit Royal to return to Court with the same claim, it essentially rendered an advisory opinion that failed to resolve the questions presented. Rather than inviting the parties back to re-litigate the issue of indemnification, a possible path would have been to stay the proceedings pending the outcome of the New York litigation.

Although the District Court appeared to reach a definitive conclusion with regard to Royal's duty to defend, that issue cannot be appealed in isolation absent "an express

6

determination that there is no just reason for delay" and "an express direction for entry of judgment" on that issue from the District Court. Fed. R. Civ. P. 54(b).[2] Similarly, Royal's reliance on *Stroehmann Bakeries, Inc. v. Local 776, Int'l Bhd. of Teamsters*, 969 F.2d 1436 (3d Cir. 1992), is misplaced because, unlike in *Stroehmann Bakeries*, the District Court's order conditionally granting Greenwich's motion for summary judgment is not a final order. Accordingly, we lack jurisdiction over the District Court's accompanying order denying Royal's motion for summary judgment.

As we lack appellate jurisdiction over this case, we grant Greenwich's motion to dismiss.

---

[2]We note, however, that we do not suggest that the entry of judgment on this issue would be appropriate under the circumstances of this case.

7