# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 27, 2010

No. 09-40710

Lyle W. Cayce
Clerk

ESSEX INSURANCE COMPANY

Plaintiff - Appellant

v.

LONG ISLAND OWNERS ASSOCIATIONS, INC.; MARTHA SALINAS;
RUBEN VILLARREAL,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC 1:08-CV-00179

Before BARKSDALE, GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

On April 5, 2006, Essex Insurance Company ("Essex") insured Long Island Owners Association ("LIOA") under an Ocean Marine and Commercial General Liability Policy. The policy was effective from April 5, 2006, to April 5, 2007, and it provided that Essex would defend and indemnify LIOA against claims for bodily injury, with a $5 million limit. The policy had the following exception:

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-40710

> This insurance does not apply to any claim, suit, cost or expense arising out of, caused by or contributed to by the ownership, non-ownership, maintenance, use or entrustment to others of any "auto." Use includes operation and "loading and unloading." This exclusion applies to the entire policy and where there is no coverage, there is no duty to defend.

On February 24, 2007, during the period that the insurance policy was in effect, Martha Salinas ("Salinas") and Ruben Villarreal ("Villarreal") were riding on a motorcycle toward their home on Long Island, Port Isabel, Texas when a swing bridge traffic arm belonging to LIOA suddenly lowered and struck them. Salinas and Villarreal filed suit on March 26, 2008, in Texas state court alleging negligence, premises liability, and negligence per se, claiming that the traffic arm was dangerous because it lacked adequate warnings and did not operate safely. Essex is defending LIOA in that suit under a reservation of rights. On May 22, 2008, Essex filed a suit in federal court, seeking a declaratory judgment that it does not have a duty to defend or indemnify LIOA in state court because the policy exclusion quoted above applies to this case. The parties filed cross-motions for summary judgment.

On June 10, 2009, the district court entered an order and opinion granting LIOA's motion and denying Essex's motion, holding that Essex has a duty to defend LIOA in the state court suit. The district court also held that it could not reach the question of the duty to indemnify until the underlying state suit was resolved – it therefore stayed the pending trial date and deadlines in district court and directed the parties to notify it when the underlying suit had been resolved. Essex timely appealed.

"The general rule is that 'a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated.'" *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) (quoting *Digital Equip. Corp. v. Desktop Direct,*

No. 09-40710

*Inc.*, 511 U.S. 863, 868 (1994)). This single appeal must ordinarily be taken from a decision that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. *Id.*[1] A stay may be a final order when it "effectively [puts the litigants] out of court," because it leaves nothing further to be litigated in federal court. *Moses H. Cone Mem. Hosp. v. Const. Corp.*, 460 U.S. 1, 10-12 (1983); *see also Safety Nat'l Cas. Corp. v. Bristol-Myers Squibb Co.*, 214 F.3d 562, 565 (5th Cir. 2000).

The stay issued in this case, however, was not a final order. The district court clearly contemplated further proceedings on the case and the stay order did not dispose of all issues or end the litigation on the merits.  Further, it did not put the litigants "out of court" because there remains an active question to be litigated, and the parties are merely awaiting further information (i.e., the resolution of the merits of the negligence suit) that will enable the court to decide the remaining question. *See Penn-America Insurance Company v. MAPP*, 521 F.3d 290 (4th Cir. 2008) (holding that similar stay in duty to defend/indemnify case was not final order where district court resolved duty to defend but did not reach duty to indemnify and dismissed case from its active docket but provided parties could reinstate case once liability had been settled). *See also Fed. Home Loan Mortg. Corp. v. Scottsdale Ins. Co.*, 316 F.3d 431 (3rd Cir. 2003) (holding that where consent judgment provided for right to reinstate

---

[1] There also exist a "narrow class" of immediately appealable collateral orders. *See Quackenbush*, 517 U.S. at 712. An order falls within this classification if it "conclusively determine[s] the disputed question, resolve[s] an important issue completely separate from the merits of the action, and [is] effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978). Essex does not argue this exception applies. In addition a judgment disposing of one or several issues in a case may be immediately appealable if the district court certifies it for appeal under FRCP Rule 54(b). There was no 54(b) certification in this case. *See, e.g., Amer. Motorists Ins. Co. v. Levolor Lorentzen Inc.*, 879 F.2d 1165 (3rd Cir. 1989) (assuming *arguendo* that where duty to defend and duty to indemnify are separate legal issues an order resolving the former but not the latter would be eligible for certification under Rule 54(b)).

certain complaints pending appellate court ruling consent order was not a final appealable judgment); *Royal Ins. Co. of Amer. v. KTA-Tator, Inc.*, 239 F. App'x 722 (3rd Cir. 2007) (unpublished) (holding that where district court issued declaratory judgment on duty to defend/indemnify "without prejudice" and expressly invited parties to pursue further litigation on indemnification if the litigation in the state court revealed information supporting the request, appellate court had no jurisdiction because order specifically contemplated possibility of future federal litigation).

Because the stay was not a final order under 28 U.S.C. § 1291 this court lacks jurisdiction. The appeal is therefore DISMISSED.